JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Shawn W. Green appeals his conviction for driving under the influence of alcohol. We affirm.
In December 2003, police officers responded to a report of a single-car accident on northbound Interstate 75. Officer Ron Uhlenbrock was the first on the scene; he found Green sitting in his disabled vehicle, trying to accelerate. Officer Uhlenbrock estimated that five minutes had passed since the accident. It took Green 10 to 15 seconds before he realized that Officer Uhlenbrock was trying to get his attention. During that time, Green was trying to drive the car away — but it would not move because the axle had been broken in the accident and the car was inoperable. Officer Uhlenbrock noticed that Green's eyes were bloodshot and that he was slurring his speech. Green refused to take a take a breathalyzer test on the scene or to take field sobriety tests. Green was then arrested.
Green was charged with driving under suspension, reckless operation, and driving under the influence ("DUI"). After a bench trial, the trial court found Green not guilty of the first two charges, but guilty of DUI. On appeal, Green assigns only one error — namely, that the evidence clearly established that his vehicle was disabled and that he therefore could not have been guilty of DUI.
While Green raises a point of law, his appeal is more properly couched in terms of the sufficiency and manifest weight of the evidence. In reviewing a record for sufficiency, we must determine whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, when viewing the evidence in the light most favorable to the prosecution.[1] And in a review of the manifest weight of the evidence, we must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
Green completely ignores the fact that he was found in the driver's seat of a car that had been involved in a single-car accident approximately five minutes earlier. He argues that the trial court found that the state had failed to prove that he was driving the vehicle at the time of the accident, because the trial court found him not guilty of driving under suspension and reckless operation. But there was no testimony about what had caused the accident, so a conviction for reckless operation would have been inappropriate.[3] And there was some question whether Green had been under suspension, so a conviction for driving under suspension also would have been improper.
But it was reasonable to infer that Green was driving the car at the time of the accident. Five minutes after the crash, he was in the high-speed lane of Interstate 75 in the driver's seat of a car rendered inoperable by the accident, he was the car's owner, and no one else was in the car. The car did not get there by itself, and there was no evidence of extraterrestrial involvement.
We cannot say that the trial court's finding of guilt was against the sufficiency or the manifest weight of the evidence
As for Green's contention that he could not have been convicted of DUI because his car was inoperable, the trial court found that he had operated the vehicle — that is, he had driven the car to the wreck. That was operation by any definition. We therefore overrule Green's sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
[2] State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
[3] See R.C. 4511.202.